FILED

2017 FEB 21  PM 3:43

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

CHINTA M. PERERA, individually )
and as parent and legal guardian of )
J.R.P. and A.L.P., minor children, )
)
      Plaintiffs, )
)
v. ) Case No. 3:17-cv-195-J-39MCR
)
METROPOLITAN LIFE INSURANCE )
COMPANY, a New York corporation, )
)
      Defendant. )
_____)

## COMPLAINT WITH DEMAND FOR JURY TRIAL

Plaintiffs, Chinta M. Perera ("Mrs. Perera"), individually and as parent and legal guardian of J.R.P and A.L.P. (collectively, "Plaintiffs"), state these claims against Defendant, Metropolitan Life Insurance Company ("MetLife"), and allege:

### Parties, Jurisdiction and Venue

1. This is an action for damages exceeding $75,000, exclusive of interest and costs, under the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(1)(b).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as 29 U.S.C. § 1132(e)(1) and (f) confer jurisdiction on this Court for actions arising under § 1132(a)(1)(B).

3. Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

4. Plaintiffs are individuals domiciled in Duval County, Florida.

5. Mrs. Perera is the parent and legal guardian of J.R.P. and A.L.P., who are minor children.

6. MetLife is a for-profit corporation, incorporated in New York, with its principal place of business in New York, New York.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1132(e)(2) because the breach of the employee benefit insurance contracts between the parties occurred in this District.

## General Allegations

8. Plaintiffs were beneficiaries under 29 U.S.C. § 1002(8) to a Basic Accidental Death and Dismemberment Life Insurance Plan (the "Basic Plan") and a Voluntary Accidental Death and Dismemberment Life Insurance Plan (the "Voluntary Plan" collectively, the "Plans").

9. The Plans are employee welfare benefit plans under § 1002(1) and may be sued under ERISA as an entity pursuant to § 1132(d)(1).

10. Mrs. Perera's husband, Charith Perera ("Mr. Perera"), was a participant in the Plans under § 1002(7).

11. Mr. Perera's employer used TriNet Group, Inc. as its benefits vendor; TriNet Group, Inc. served as the plan sponsor under § 1002(16)(B).

12. MetLife served as the Plans' administrator and fiduciary under § 1002(16)(A) and (21).

13. Plaintiffs have exhausted all administrative remedies under the Plans, as required by ERISA, before bringing this action.

14. All other conditions precedent to this action have been performed, have occurred, or have been waived.

### Facts

15. Effective October 1, 2011, MetLife and Mr. Perera entered into two employee benefit insurance contracts, as evidenced by the Basic Plan (**Exhibit A**) and the Voluntary Plan (**Exhibit B**)—both under group policy number 1164937-1-G.

16. MetLife delivered the Plans to Mr. Perera or his employer in Duval County, Florida.

17. Mr. Perera was an eligible participant of and was insured under the Plans.

18. In the event that Mr. Perera lost his life due to accidental injury while traveling in a Common Carrier, MetLife agreed to pay his beneficiaries a Common Carrier Benefit of $1,000,000 under the Basic Plan.

19. Mr. Perera elected "Option 6" under the Voluntary Plan; therefore, in the event that Mr. Perera lost his life due to accidental injury while traveling in a Common Carrier, MetLife agreed to pay his beneficiaries a Common Carrier Benefit of $750,000 under the Voluntary Plan.

20. Mr. Perera designated Plaintiffs as the sole beneficiaries under the Plans, with 50 percent of all benefits going to Mrs. Perera and 25 percent to each minor child.

21. In July 2016, Mr. Perera and his family were vacationing at Summer Island Maldives, a government regulated entity providing lodging, transportation, and other accommodations to the general public.

22. On July 8, 2016, Mr. Perera and his family traveled on a public conveyance (a vessel operated by the resort) to a snorkeling location.

23. In connection with the Pereras' stay at the resort, the price of the resort included lodging and the fare for using the vessel for transportation.

24. The vessel staff did not verify that vessel passengers were resort guests.

25. The Pereras did not charter or privately arrange the July 8 trip.

26. The vessel transports passengers on a regular schedule posted or available from the resort staff.

27. During the July 8 trip, Mr. Perera lost his life due to accidental injury on a Common Carrier.

28. At the time of Mr. Perera's death, the seas were very rough, no other vessels were around, and no blunt objects were in the water besides the vessel itself.

29. Mr. Perera drowned after being struck by the vessel while attempting to board the vessel, which constitutes "traveling" under the Plans.

30. Mr. Perera or his employer paid all premiums on the Plans until the time of his death and the Plans were in full force and effect at the time of his death.

31. On July 27, 2016, Mrs. Perera submitted proof of loss with her claim form and supporting documentation, seeking payment of benefits for Mr. Perera's loss of life due to accidental injury while traveling in a Common Carrier.

32. On September 20, 2016, J.R.P. and A.L.P. submitted claim forms associated with the same loss.

33. MetLife denied Plaintiffs' claims and upheld its denial on appeal.

34. Plaintiffs retained Smith Hulsey & Busey to represent them in this action, agreed to pay reasonable fees for their services, and agreed to reimburse them for all costs of this action. Plaintiffs have incurred and will continue to incur fees and costs.

35. Defendant is obligated to pay Plaintiffs' attorney's fees and costs pursuant to § 1132(g)(1) and Fla. Stat. § 627.428, and more than 60 days has expired since proof of the claim was duly filed with MetLife.

## COUNT ONE
### Action to Recover Plan Benefits (Basic Plan)

36. Plaintiffs re-allege and incorporate by reference paragraphs 1–35.

37. The Basic Plan constitutes a valid written insurance contract.

38. MetLife received the benefits of Mr. Perera's premium payments and promised to pay Plaintiffs insurance benefits in the event Mr. Perera lost his life due to accidental injury in a Common Carrier.

39. MetLife has failed and refused to pay Plaintiffs the $1,000,000 Common Carrier Benefit required under the Basic Plan, which is the Additional Amount to which Plaintiffs are entitled after MetLife paid Plaintiffs the base benefit for the accidental death.

WHEREFORE, Plaintiffs demand a trial by jury and judgment in their favor against MetLife for the unpaid employee plan/insurance benefits, interest, costs, attorney's fees, and any further relief the Court deems just and proper.

## COUNT TWO
### Action to Recover Plan Benefits (Voluntary Plan)

40. Plaintiffs re-allege and incorporate by reference paragraphs 1–35.

41. The Voluntary Plan constitutes a valid written insurance contract.

42. MetLife received the benefits of Mr. Perera's premium payments and promised to pay Plaintiffs insurance benefits in the event Mr. Perera lost his life due to accidental injury in a Common Carrier.

43. MetLife has failed and refused to pay Plaintiffs the $750,000 Common Carrier Benefit required under the Voluntary Plan, which is the Additional Amount to which Plaintiffs are entitled after MetLife paid Plaintiffs the base benefit for the accidental death.

WHEREFORE, Plaintiffs demand a trial by jury and judgment in their favor against MetLife for the unpaid employee plan/insurance benefits, interest, costs, attorney's fees, and any further relief the Court deems just and proper.

SMITH HULSEY & BUSEY

By: /s/ Stephen D. Busey
Stephen D. Busey
Joseph W. Rogan

Florida Bar Number 117790
Florida Bar Number 111731
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
busey@smithhulsey.com
jrogan@smithhulsey.com

Attorneys for Plaintiffs

00949193