UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHINTA M. PERERA, individually
and as a parent and legal guardian of
J.R.P. and A.L.P., minor children,

    Plaintiffs,

v.                                          Case No: 3:17-cv-195-J-39MCR

METROPOLITAN LIFE INSURANCE
COMPANY, a New York corporation,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Plaintiffs' Demand for Jury Trial ("Motion") (Doc. 8), Plaintiffs' Response in Opposition thereto ("Response") (Doc. 14), and Defendant's Reply (Doc. 18).[1] For the reasons stated herein, the Motion is **GRANTED** to the extent Plaintiffs' demand for a jury trial is **STRICKEN**.

On February 21, 2017, Plaintiff Chinta Perera, individually and as parent and legal guardian of J.R.P. and A.L.P., commenced this action against Metropolitan Life Insurance Company ("MetLife"), pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §

---

[1] The Reply was filed pursuant to a Court Order (Doc. 17).

1132(a)(1)(B),[2] alleging breach of two employee benefit insurance contracts. (Doc. 1.) Plaintiff alleges that her husband, Charith Perera, was a participant in, and Plaintiffs were beneficiaries under, a Basic Accidental Death and Dismemberment Life Insurance Plan and a Voluntary Accidental Death and Dismemberment Life Insurance Plan (collectively, the "Plans"), pursuant to 29 U.S.C. § 1002(7)-(8). (*Id.*) Pursuant to the Plans, MetLife (the Plans' administrator and fiduciary) allegedly agreed to pay, in the event of Mr. Perera's accidental death while traveling in a common carrier, a common carrier benefit in the total amount of $1,750,000. (*Id.*)

The Complaint alleges that Mr. Perera lost his life on July 8, 2016 due to an accidental injury on a common carrier while the family was vacationing at Summer Island Maldives, a government regulated entity providing lodging, transportation, and other accommodations to the general public. (*Id.*) On that day, the family used a vessel operated by the resort to travel to a snorkeling location. (*Id.*) The Complaint alleges that Mr. Perera drowned after being struck by the vessel while attempting to board it. (*Id.*) Plaintiffs sought to recover insurance benefits for the loss of Mr. Perera's life, but MetLife denied their

---

[2] Pursuant to 29 U.S.C. § 1132(a)(1)(B): "A civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

claims.³  (*Id.*)  In this action to recover plan benefits under the two Plans, Plaintiffs demand a trial by jury.  (*Id.*)

MetLife moves to strike Plaintiffs' demand for a jury trial, arguing there is no right to a jury trial for claims brought under ERISA, which are equitable in nature. (Doc. 8.)  Plaintiffs agree that the majority of claims arising under ERISA are equitable, but assert that some claims under 29 U.S.C. § 1132(a)(1)(B) are legal, entitling Plaintiffs to a jury trial.  (Doc. 14.)  In this action, Plaintiffs "seek a determination that [Mr. Perera] died on a common carrier and an award of the resulting benefits under [his] contracts with MetLife."  (*Id.* at 1.)  Plaintiffs assert that these claims are legal and, as such, the Seventh Amendment right to a jury trial applies.  (*Id.*)  Plaintiffs explain:

> Mrs. Perera's claims seek relief at law.  Here, like *Gangitano*, Mrs. Perera's claims are tantamount to breach of contract claims to recover the $1.75 million common carrier benefit.  The fact finder will determine nothing more than whether MetLife breached its duty to pay Mrs. Perera the benefits owed to her and her children as a result of Mr. Perera's death and, if so, the dollar amount due to them. *Gangitano* is not an outlier.

(*Id.* at 4.)

In the Reply, Defendant re-affirms its position that "an action under section 502(a)(1)(B) is for enforcement of the ERISA plan" and equitable in nature.  (Doc.

---

³ As explained in the Response, "MetLife paid the life and basic accidental death insurance claims, but denied the common carrier benefit, arguing that the vessel causing Mr. Perera's death was not a common carrier and, in the alternative, that he died by drowning and not technically on the vessel."  (Doc. 14 at 2.)

3

18 at 1 (citing *Blake v. Unionmutual Stock Life Ins. Co. of Am.*, 906 S.2d 1525, 1526 (11th Cir. 1990) (per curiam)).) Defendant asserts that "Plaintiff's characterization of her ERISA claim as one for breach of contract seeking money damages is not dispositive of the issue." (Doc. 18 at 4.) Defendant explains: "No matter how Plaintiff describes her claim, Plaintiff is in fact 'claiming benefits [she is] allegedly entitled to under the plan,' a form of equitable relief." (*Id.* (citing *Blake*, 906 F.2d at 1526).)

The Court agrees with Defendant. The Eleventh Circuit has held time and time again that relief under ERISA is limited to equitable remedies and there is no right to a trial by jury. *See Broaddus v. Fla. Power Corp.*, 145 F.3d 1283, 1287 n.\*\* (11th Cir. 1998) (holding that the district court was correct in striking plaintiff's demand for jury trial because relief under ERISA is limited to equitable remedies); *Stewart v. KHD Deutz of Am. Corp.*, 75 F.3d 1522, 1527 (11th Cir. 1996) ("[N]o Seventh Amendment right to a jury trial exists in actions brought pursuant to ERISA."); *Chilton v. Savannah Foods & Indus., Inc.*, 814 F.2d 620, 623 (11th Cir. 1987) (per curiam) (holding no right to jury trial exists under ERISA); *see also Jacobs v. Blue Cross & Blue Shield of Iowa*, 835 F. Supp. 1381, 1382 (M.D. Fla. 1993) (striking plaintiff's demand for a jury trial because there is no right to a jury trial under ERISA); *Catchpole v. Health 1st, Inc.*, 821 F. Supp. 1482, 1484 (N.D. Ga. 1993) ("The United States Court of Appeals for the Eleventh Circuit has held

4

repeatedly that Plaintiffs are not entitled to a jury trial under ERISA when the claim is made under 29 U.S.C. § 1132(a)(1)(B).").

Relying heavily on *Gangitano v. NN Investors Life Ins. Co., Inc.*, 733 F. Supp. 342, 343 (S.D. Fla. 1990),[4] and several decisions outside the Eleventh Circuit, Plaintiffs assert that their claims under section 502(a)(1)(B) of ERISA (29 U.S.C. § 1132(a)(1)(B)) are tantamount to a breach of contract claim, and, therefore, are legal in nature. However, the cases Plaintiffs cite, including *Gangitano*, are not binding on this Court. Moreover, several months after the district court's decision in *Gangitano*, the Eleventh Circuit held in *Blake* that the plaintiffs were not entitled to a trial by jury even though they were claiming money damages, because in effect they were claiming the benefits they were allegedly entitled to under the plan pursuant to section 502(a)(1)(B) of ERISA, which is a traditionally equitable relief. *Blake*, 906 F.2d at 1526. District courts in our Circuit have followed this reasoning and rejected plaintiffs' demand for a jury trial despite plaintiffs' characterization of their claims as breach of contract claims. *See, e.g.*,

---

[4] In *Gangitano*, the plaintiff was denied medical insurance benefits on the sole ground that his brain stem hemorrhage was the result of a pre-existing medical condition. 733 F. Supp. at 342. The court noted that "[t]he fact finder will therefore be determining nothing more than whether defendant's pre-existing defense is or is not applicable; and if it is not, the dollar amount of plaintiff's damages." *Id.* at 343. The court determined that plaintiffs' claims was thus "nothing more than a breach [of] contract claim for the recovery of money damages." *Id.* Because Plaintiffs' cause of action for benefits was essentially a contract action, the court held that plaintiffs were entitled to a jury trial under the Seventh Amendment of the United States Constitution. *Id.* at 344.

*Taylor v. Prudential Ins. Co. of Am.*, Case No. CV 516-009, 2016 WL 6892083, *2 (S.D. Ga. Nov. 21, 2016) ("As in *Blake*, Plaintiffs characterize their ERISA claim as one for breach of contract seeking money damages. However, they are in fact claiming benefits they are allegedly entitled to under the plan, a form of equitable relief. Furthermore, the medical benefits sought in *Blake* and the life insurance benefits sought here are indistinguishable for purposes of this ERISA analysis. Therefore, like the plaintiffs in *Blake*, Plaintiffs are not entitled to a jury trial because their claim under ERISA is equitable rather than legal, and the Seventh Amendment does not demand a different result.") (internal citations and quotation marks omitted); *Frados v. Cont'l Cas. Co.,* 363 F. Supp. 2d 1349, 1355 (S.D. Fla. 2005) (holding there was no right to a jury trial under ERISA despite plaintiff's characterization of the action as a breach of contract claim and bare reference to money damages). The Court finds the reasoning of these cases persuasive and concludes that no right to a jury trial exists on Plaintiffs' claims.

Accordingly, after due consideration, it is **ORDERED**:

The Motion (**Doc. 8**) is **GRANTED** to the extent Plaintiffs' demand for a trial by jury is **STRICKEN**.[5]

---

[5] To the extent Defendant requests an award of attorneys' fees and costs incurred in bringing this Motion (*see* Doc. 18 at 5), this issue has not been briefed, and, therefore, the request for fees and costs is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 11, 2017.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record