UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CHINTA M. PERERA, individually and
as parent and legal guardian of J.R.P.
and A.L.P., minor children,

      Plaintiffs,

v.                                      CASE NO. 3:17-cv-195-J-39MCR

METROPOLITAN LIFE INSURANCE
COMPANY, a New York corporation,

      Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel

Production of Documents ("Motion") (Doc. 29) and Defendant's Response thereto

("Response") (Doc. 31).

Plaintiff moves for an order compelling Defendant to produce documents

responsive to Request No. 2 of Plaintiff's Second Requests for Production,

including Defendant's accidental death claims manual, and awarding Plaintiff her

reasonable attorney's fees incurred in bringing the Motion pursuant to Rule

37(a)(5)(A) of the Federal Rules of Civil Procedure.[1]  (Doc. 29.)

Request No. 2 seeks: "All written policies or procedures that governed or

---

[1] To the extent the Motion requested that the excerpts, which had already been produced and designated as "Confidential/Attorneys' Eyes Only," be filed under seal, the Motion was granted on April 9, 2018 when the Court directed Defendant to file the subject excerpts *in camera* by April 13, 2018.  (Doc. 34.) Defendant complied by filing the excerpts under seal on April 12, 2018.  (*See* Doc. 37.)

influenced your consideration of the Claim." (Doc. 29-1 at 3.) Defendant

responded to this request as follows:

> MetLife objects to this request on the grounds that it seeks
> [c]onfidential, proprietary information or trade secrets. Subject to,
> and without waiving these objections, MetLife states it did not utilize
> any written policies or procedures regarding the processing of
> common carrier benefits in the processing of Plaintiff's claim for
> benefits. The information reviewed and relied upon by MetLife in its
> administration of Plaintiff's claim for common carrier benefits is
> included in the Administrative Record, Bates labeled
> "PERERA_AR_000001-00149." MetLife further responds that,
> although it consulted no written policies or procedures regarding the
> adjudication of common carrier benefits in connection with Plaintiff's
> claim, subject to the entry of an appropriate protective order, it will
> produce relevant portions of AD&D claims manual related to
> common carrier claims.

(Doc. 29-2 at 2.)

After the parties executed a confidentiality agreement (*see* Doc. 29-3),

Defendant produced four excerpts, which were later filed under seal pursuant to

the Court's Order (*see* Doc. 37). Defendant states that these excerpts constitute

all of its internal policies and procedures related to any common carrier claims.

(Doc. 31 at 4.) Defendant further states that these excerpts were extracted from

its searchable electronic database, known as the Institutional Life Claims Library

("ILCL"), where Defendant maintains its claim handling guidelines.[2] (Doc. 31 at 4;

*see also* Doc. 31-1 at 1-2.)

---

[2] Defendant states that "[i]f one were to attempt to print out the entirety of the
electronic database, it would likely comprise at least a million pages of information." (Doc.
31 at 6 n.8; Doc. 31-1 at 2.) It adds that the database "contains embedded hyperlinks to
additional resources that are not searchable." (*Id.*)

To the extent Plaintiff requests production of Defendant's accidental death

claims manual, Defendant asserts that no such document exists,[3] but even if it

did, it did not govern or influence Defendant's consideration of Plaintiff's claim.

Defendant contends that its guidelines do not fall within the purview of 29 C.F.R.

§ 2560.503–1(m)(8), because, as stated in the Declaration of Pati Casey,

"MetLife claim administrators did not consult, utilize, or rely upon any internal

MetLife written policies or procedures regarding claims handling and

administration of common carrier benefits in connection with Plaintiff's claim,"

and, instead, "MetLife relied exclusively upon information contained within the

governing Plan documents and the Administrative Record."  (Doc. 31-2 at 2.)

Upon consideration of the parties' submissions and arguments, the Court is

in agreement with Defendant.  As stated in *Bradford*, "ERISA regulations do not

require production of the entire Claims Management Guidelines, but only the

guidelines that were actually consulted and used in connection with adjudicating

the plaintiff's claims."  *Bradford v. Metro. Life Ins. Co.*, No.: 3:05-cv-240, 2006

U.S. Dist. LEXIS 97463, *4 (E.D. Tenn. Apr. 18, 2006) (internal citations and

quotation marks omitted).  As Plaintiff has not presented any evidence that the

guidelines were "relied upon" or "submitted, considered, or generated" in

---

[3] As stated in the Declaration of Leslie Coughlin, "[n]either the claims guidelines as a whole, nor the claims guidelines related to particular types of claims (e.g., Accidental Death and Dismemberment claims) are maintained as or within any sort of 'document' or 'manual.'"  (Doc. 31-1 at 2.)

reviewing Plaintiff's claim, 29 C.F.R. § 2560.503–1(m)(8), "there is no reason for the guidelines to be produced or included in the administrative record," *Bradford*, 2006 U.S. Dist. LEXIS 97463 at *5. *See also Brooks v. Metro. Life Ins. Co.*, 526 F. Supp. 2d 534, 536-37 (D. Md. 2007) ("Aside from speculative assertions that MetLife must have or should have consulted the [Claims Management Guidelines] in determining [plaintiff's] eligibility for benefits, [plaintiff] has failed to present concrete evidence that the guidelines were 'relied upon' or 'submitted, considered, or generated' in reviewing her claim. Through the declaration of Ms. Sullivan, on the other hand, MetLife has declared under penalty of perjury that the Guidelines were not referred to in any way."); *Wright v. Metro. Life Ins. Co.*, No. 07-1808 (RBW), 2009 U.S. Dist. LEXIS 44274, *51 (D.D.C. May 5, 2009) (citing *Brooks,* 526 F. Supp. 2d at 536-37) ("[W]here a plaintiff, as here, offers nothing but 'speculative assertions that MetLife must have or should have consulted [its claims manual] in determining [his] eligibility for benefits,' and where the plaintiff has put forth no 'concrete evidence that the guidelines were 'relied upon' or 'submitted, considered, or generated' in MetLife's processing of his claim, and where 'MetLife has declared under penalty of perjury that [its internal] [g]uidelines were not referred to in any way,' the Court will not 'look behind [the] sworn declaration' and second-guess MetLife's assertions.").

To the extent Plaintiff asserts that the guidelines are relevant in demonstrating "compliance with the administrative processes and safeguards"

that plans must adopt, pursuant to 29 C.F.R. § 2560.503–1(m)(8)(iii), the Department of Labor "has made clear that the disclosure requirement . . . is limited to materials specifically generated in connection with a *particular* adverse benefit determination" and that "'relevant' compliance information may not exist with respect to every benefits eligibility determination." *Brooks*, 526 F. Supp. 2d at 537 (emphasis in original). As stated in the Declaration of Pati Casey, "MetLife claim administrators did not consult, utilize, or rely upon any internal MetLife written policies or procedures regarding claims handling and administration of common carrier benefits in connection with Plaintiff's claim." (Doc. 31-2 at 2.) In the absence of evidence to the contrary, the Court will not find that Defendant's guidelines are relevant compliance verification materials. *Brooks*, 526 F. Supp. 2d at 537.

Based on the foregoing and for the reasons stated in Defendant's Response, the Motion is due to be denied. As such, Plaintiff's request for an award of reasonable attorneys' fees incurred in bringing the Motion is denied. *See* Fed.R.Civ.P. 37(a)(5)(B). Although Defendant also seeks an award of reasonable attorneys' fees and costs incurred in responding to the Motion, the Court declines to award such fees and costs to Defendant as Plaintiff's Motion was substantially justified. *See id.*

Accordingly, it is **ORDERED**:

1.     To the extent the Motion seeks an order compelling Defendant to

produce documents responsive to Request No. 2, the Motion (**Doc. 29**) is

**DENIED**.

      2.     Each party shall bear its own attorney's fees and costs associated

with bringing or responding to the Motion.

      **DONE AND ORDERED** at Jacksonville, Florida, on April 20, 2018.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record